STATE of Tennessee, Appellee,

v.

**Paul FORD, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 13, 1986.

Permission to Appeal Denied by Supreme Court Nov. 3, 1986.

Gordon Ball, Ball & Dunn, Newport, for appellant.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, Phillip Owens, Asst. Dist. Atty. Gen., Newport, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of driving under the influence of an intoxicant, third offense, and received a sentence of eleven months and twenty-nine days in the county jail and a fine of $250.00. The sentence was suspended and the appellant was placed on probation. His driving privileges were suspended for a period of three years.

On appeal the appellant has presented four issues. The first three, taken together, challenge the sufficiency of the convicting evidence. In addition to the standard issue that the verdict is contrary to the weight of the evidence, the appellant also contends that the evidence failed to show that he was driving or "in physical control of" the automobile, and he also contends that the prosecution failed to prove that the offense occurred on a public street or highway or in a shopping center, as required by TCA § 55–10–401(a).

■ In the afternoon of August 8, 1983, James Finchum, a patrolman with the Newport Police Department, was proceeding west on the Knoxville Highway. He saw the appellant, whom he knew, driving eastward on that highway in the direction of the Rose's Shopping Center. Ten to fifteen minutes later Mr. Finchum received a radio complaint regarding a red Torino automobile at the Rose's parking lot. When he arrived he saw two people pointing toward an area behind the Firestone Store, located some distance from the rest of the shopping center. As Mr. Finchum went behind the Firestone Store, he saw the red Torino just rolling to a stop, with a flat tire. He went up to the car and found the appellant slumped over against the door on the passenger side. Since the windows were rolled up, Mr. Finchum pecked on the window. Receiving no response, he opened the door. The air conditioner blower was on, but was blowing hot air and the appellant was "wringing wet" with sweat. There was a strong odor of alcohol on the appellant and in the car. Empty beer cans were found in the front and back floorboards of the car. The appellant stumbled around, leaned against the car and was unable to get about without help. He refused to take a blood alcohol test.

The appellant's only witness was Carroll Moss, who testified that he saw the appellant between 1:00 and 2:00 P.M. that day at Rose's parking lot, that they talked, and then walked together to Rose's Restaurant where they had coffee together. According to Mr. Moss, the appellant was not drunk at that time.

The jury rejected the appellant's defense and accepted the testimony of Mr. Finchum that the appellant was driving under the influence of an intoxicant.

A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn. 1978). On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

There was ample, indeed overwhelming, evidence from which any rational trier of fact would conclude that the appellant was guilty beyond a reasonable doubt of driving while under the influence of an intoxicant. Rule 13(e), T.R.A.P. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979).

■ As to the issues concerning the appellant being "in physical control" or driving the automobile and doing so on a public street, the appellant contended that the Firestone Store was not a "shopping center" as defined in TCA § 55–10–401(a), and that he could not be found guilty of driving under the influence in a shopping center. The indictment charged him with committing that offense "upon a public street, road, highway or public thoroughfare." That is precisely what Mr. Finchum saw him doing ten to fifteen minutes before he found the appellant in a drunken condition behind the Firestone Store. Mr. Finchum was unequivocal in his testimony that it was the appellant that he saw driving the car on the Knoxville Highway at that time. There is no contention that the Knoxville Highway is not a "public road, highway or street" as those terms are set forth in TCA § 55–10–401(a).

Thus, it is clear that the appellant is guilty and this issue has no merit.

■ In the final issue the appellant contends that the trial judge erred by failing to suppress Mr. Finchum's statement that he had seen him driving his vehicle ten to fifteen minutes before his arrest, since this allowed the inference that he was driving under the influence at that time, even though Mr. Finchum could not state that the appellant had committed any offense in his presence. Further, the appellant contends that the trial judge erred by allowing Mr. Finchum to testify that the appellant said that he did not want to take a blood alcohol test.

The appellant contends that because Mr. Finchum did not notice any erratic driving, did not give chase and did not arrest the appellant when he first saw him that he cannot testify about having seen him driving at that time.

Except in the unlikely situation where the officer is a passenger in the defendant's car, there is some time interval between the officer's observation of the person driving and the determination that he was driving under the influence. This time interval may be a matter of seconds or minutes, but in every case there is a time interval. When a blood alcohol test or a breath test is administered, additional time elapses before the test is administered. In each case the jury is asked to infer that because the blood or breath contained a particular quantity of alcohol at a particular moment that it must have contained that much alcohol or more at an earlier moment when the accused was seen driving. Thus, the time interval between the observation of the driving and the observation of the intoxication is pertinent to the *weight* to be given the evidence and *not* to *its admissibility*. The trial judge did not err in allowing Mr. Finchum to testify concerning his observation of the appellant a few minutes earlier.

■ As to the appellant's refusal to take a blood alcohol test, the police inquiry of whether a suspect will take a blood alcohol test is not an interrogation within the meaning of *Miranda,* and the refusal is not protected by the privilege against self-incrimination. *South Dakota v. Neville,* 459 U.S. 553, 103 S.Ct. 916, 923, fn. 15, 74 L.Ed.2d 748 (1983). The trial judge did not err in admitting evidence of the appellant's refusal to take the blood test. This issue has no merit.

Finding no merit to any of the issues, the judgment is affirmed.

WALKER, P.J., concurs.

DWYER, J., did not participate in this decision.